J-S36006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE MENDEZ, | : | |
| | : | |
| Appellant. | : | No. 8 EDA 2017 |

Appeal from the PCRA Order, November 22, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0707561-2002.

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:             **FILED OCTOBER 25, 2018**

Jose Mendez appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows:  On July 2, 2003, a jury convicted Mendez of first-degree murder and related charges from an incident that resulted in the death of Visael Otero.  Mendez, his co-defendant, Jean Carlos Cruz Rivera, and Otero lived in a house owned by Johnny Rivera, a drug dealer for whom Mendez and Cruz Rivera worked.  Otero did not work in the drug trade, but had a legitimate construction job.  Moreover, Rivera did not live at the house, but kept his drug money receipts hidden in a light fixture in Mendez's middle bedroom on the second floor.  At

the time of Otero's murder, these funds totaled approximately $60,000.00 to $70,000.00.

Prior to Mendez's trial, Cruz Rivera pled guilty to third degree murder, and agreed to testify against Mendez in order to avoid a possible life sentence. According to Cruz Rivera, on June 11, 2001, after Johnny Rivera and some construction workers left the house, Cruz Rivera turned up the radio's volume at Mendez's direction, and Mendez went upstairs. Mendez then quickly came downstairs with a pistol in his hand. Mendez asked Cruz Rivera to "come upstairs with [him]." N.T., 7/1/18, at 16. Once upstairs, Cruz Rivera saw Otero's bleeding body on the floor. The two men then stole the drug money and fled.

Immediately following the jury's verdict, the trial court sentenced Mendez to an aggregate term of life imprisonment. Mendez filed a timely appeal to this Court. Among the claims he raised on appeal, Mendez argued that the evidence was not sufficient to support his conviction for first-degree murder primarily because Cruz Rivera's trial testimony was not credible. We dismissed this claim, noting that the jury, as fact-finder, is the "final arbiter of credibility." **See Commonwealth v. Mendez**, 873 A.2d 770 (Pa. Super. 2005), unpublished memorandum at 2. Finding no merit to the remaining claims raised by Mendez, we affirmed his judgment of sentence. **Id.** at 5. On November 30, 2005, our Supreme Court denied Mendez's petition for allowance of appeal. **Commonwealth v. Mendez**, 889 A.2d 1214 (Pa. 2003).

On January 26, 2006, Mendez filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On June 29, 2006, Mendez's counsel filed a no-merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After filing Pa.R.Crim.P. 907 notice of intent to dismiss Mendez's petition without a hearing, the PCRA court dismissed the petition on September 22, 2006. The record reflects that the PCRA court did not dispose of PCRA counsel's motion to withdraw, and PCRA counsel took no further action on Mendez's behalf. Further, the record did not indicate that the PCRA court apprised Mendez of his right to appeal in accordance with Pa.R.Crim.P. 907(4), and Mendez did not file a timely appeal.

Represented by new counsel, Mendez sought *nunc pro tunc* reinstatement of his right to appeal from the dismissal of his prior petition. The PCRA court granted the petition on March 30, 2009. Thereafter, Mendez filed a *nunc pro tunc* appeal in which he asserted various claims of ineffective assistance of counsel. Finding these claims to be without merit or waived, on August 25, 2010, we affirmed the order denying post-conviction relief. **Commonwealth v. Mendez**, 11 A.3d 1037 (Pa. Super. 2010) (unpublished memorandum). On October 23, 2012, our Supreme Court denied Mendez's *nunc pro tunc* petition for allowance of appeal and application for relief. **Commonwealth v. Mendez**, 78 A.3d 614 (Pa. 2012).

On August 18, 2014, Mendez filed the counseled PCRA petition at issue, his second, in which he asserted that he possessed newly discovered evidence.

He attached a declaration from Wilfredo Ortiz, a fellow inmate, who would testify that he witnessed the shooting, and that the shooter was not Mendez. According to Mendez, he did not know this information until Ortiz sent a letter to Mendez's counsel on June 25, 2014. The PCRA Court held evidentiary hearings on October 31, 2016, and on November 10, 2016.[1] At the close of testimony, the PCRA court took the matter under advisement. The PCRA court held an additional hearing on November 22, 2016. At the hearing, the court explained its reasons on the record and denied Mendez's petition that same day. This appeal followed. Both Mendez and the PCRA Court have complied with Pa.R.A.P. 1925.

Mendez raises the following issues on appeal:

I. Did the PCRA court use incorrect standards of review under which to evaluate [Mendez's] after discovered evidence claim which increased his burden of proving a different verdict would likely result if a new trial were granted?

    A. Does the after discovered evidence have to "outweigh [] the [Commonwealth's] evidence"?

    B. Does the after discovered evidence have to be such as to "likely compel a different verdict"?

II. Was the Commonwealth's testimony against which the newly discovered evidence must be evaluated mis-characterized by the PCRA court when it deemed

---

[1] There is no explanation in the certified record for the over two-year delay in holding these hearings.

- 4 -

it "compelling" and "highly credible" when in fact it
really was the worst form of evidence?

Mendez's Brief at 6 (excess capitalization omitted).[2]  We will address these claims together.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the PCRA court's conclusion is supported by the evidence of record and is free of legal error.  The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record.  **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

We must first determine whether Mendez's second petition for post-conviction relief was timely filed.  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[3]  42 Pa.C.S.A. § 9545.

_____

[2] Mendez also maintains that he can challenge PCRA counsel's alleged ineffectiveness for the first time on appeal.  Mendez's Brief at 17-21.  We disagree.  **See generally Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009).  Moreover, Mendez does not develop this claim within his brief.

[3] The exceptions to the timeliness requirement are:

    (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the

A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, because Mendez did not seek further review after our Supreme Court denied his petition for allowance of appeal on November 30, 2005, his judgment of sentence became final ninety days thereafter, or on February 28, 2006. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, Mendez had to file his second petition by February 28, 2007. As he filed his second petition in 2014, it is patently untimely, unless Mendez has satisfied

---

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

As noted above, Mendez claims he meets the time-bar exception based upon "newly discovered" evidence. This Court has summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).

Stated differently, subsection 9545(b)(1)(ii)

> "has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the **facts** upon which the claim is predicated were **unknown** to him and 2) could not have been ascertained by the exercise

- 7 -

of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Id.*, at 176-77 (*quoting **Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

Here, Mendez labeled this PCRA petition as a "Petition for Post-Conviction Relief Based Upon After-Discovered Evidence under 42 Pa.C.S. §9545(b)(1)(ii) and (b)(2)." In regard to the latter subsection, although making no further reference to Section 9545(b)(1)(ii), Mendez averred that, "he was not present at the time of the murder and therefore learned of Mr. Ortiz's presence during the murder only after [Ortiz's] letter, dated June 25, 2014, and postmarked June 26, 2014, was received. Accordingly, the evidence could not have been made available to him through reasonable efforts prior to or at the time of trial." Within the motion, Mendez proffered no other evidence to support this assertion.

As we reinforced in ***Brown***, ***supra***, a PCRA petitioner's "reliance on Section 9543 as a basis for asserting an after-discovered-evidence under the PCRA, [does not] suspend [the petitioner's] initial obligation to establish jurisdiction by alleging and proving" the Section 9545(b)(1)(ii) time-bar requirements enumerated above. ***Brown***, 111 A.3d 177. At the subsequent evidentiary hearing, Mendez did not testify and provided no additional information regarding the discovery of this "new fact" or his exercise of due diligence.

Just as the PCRA petitioner must establish the Subsection 9545(b)(ii) requirements, the PCRA also must court initially determine whether it has jurisdiction under the PCRA. This determination is important, preliminarily, as it could obviate the need for an evidentiary hearing regarding the merits of the "newly-discovered" evidence. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 784 (Pa. 2000) (explaining that "the PCRA court concluded that [the PCRA petitioner] failed to establish his entitlement to the one-year time limitation, thus obviating the need for the court to receive evidence on [his] substantive PCRA claims").

Here, the PCRA court did not specifically address the Section 9545(b)(1)(ii) exception to the PCRA's time bar, but rather, noted that it "tacitly agreed that the new evidence allowed for the [PCRA's] timeliness exception to apply." PCRA Court Opinion, 5/16/17, at 8. The court then heard Ortiz's testimony at the evidentiary hearing, and concluded that Ortiz's testimony did not qualify as "after-discovered" evidence that would warrant a new trial. *See* PCRA Court Opinion, 8/25/17, at 5-7.

The PCRA court's "tacit agreement" that Mendez met the Section 9545(b)(1)(ii) time-bar exception, although involving the court's very jurisdiction to hear the merits of Mendez's underlying after-discovered evidence claim, is not sufficient to meet the PCRA court's initial determination. Nevertheless, rather than remand for a determination of jurisdiction before proceeding further, we conclude that the record establishes the PCRA court

had jurisdiction to address Mendez's after-discovered evidence claim. We caution, however, that the PCRA court should always address jurisdiction before deciding the merits of the underlying claim.

Nothing in our review of the record contradicts Mendez's assertions in his PCRA petition. He asserted that he was not present when the victim was murdered, and did not discover Ortiz's testimony until Ortiz wrote to Mendez's counsel on June 25, 2014. Mendez filed his petition within 60 days of gaining this knowledge. Given these circumstances, Ortiz arguably met the Section 9545(b)(1)(ii) requirements, which gave the PCRA court jurisdiction. Thus, we will review the PCRA court's disposition of Mendez's after-discovered evidence claim.

A petitioner is eligible for relief under the PCRA and can obtain a new trial if he can establish the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). This Court has explained the four-part test the court should apply to such claims as follows:

> To obtain relief based on after-discovered evidence, an appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (citation omitted). "The test is conjunctive; the [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Id.* Moreover, "when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court [must] determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case." *Id.*

Wifredo Ortiz was the only witness to testify at the evidentiary hearings. On direct, he testified about the contents of the two letters he had sent to Mendez's counsel, and the declaration that was prepared with the assistance of counsel. The PCRA court summarized these declarations as follows:

> [Ortiz] stated that on the night of the murder he was in the house and "observed [Cruz Rivera] on that evening enter the house, go to the second floor, and shoot Visael Otero with a handgun." He "kept quiet" about what he saw because he was afraid [Cruz] Rivera would try to kill him, and afraid of the police because he was wanted for dealing drugs. One day in May of 2014 he met [Mendez] at the prison, recognized him because he knew his cousin, and came to realize that he was serving a sentence for the murder he saw. He did not tell [Mendez] that but [Mendez] gave him his attorneys' information (he did not say why). He said he [wrote one of the attorneys and told her] he had been in the neighborhood on the night of the murder but did not reveal that he was in the house and saw it. "Later, I still could not get the murder out of my mind and continued to think that Jose Mendez was serving time for the rest of his life for a crime I knew he did not commit." He described sending [a second] letter to the attorney and then confirmed that he never discussed the case with anyone until he [contacted] the attorney.

- 11 -

PCRA Court Opinion, 5/16/17, at 7-8. The court further noted that, in neither his letters to counsel nor his declaration "did [Ortiz] mention whether he ever discussed any of this with [Mendez] personally." *Id.* at 8.

As noted above, the PCRA court held an additional hearing on November 22, 2016. At this time, Mendez declined to present any additional evidence or argument. The PCRA court then expressed its reasons for denying Mendez's second PCRA petition:

> I do not find the evidence persuasive enough that I would conclude it would likely compel a different verdict. The evidence presented by the witness, I believe, does not rise to that standard, even on the preponderance of the evidence.
>
> [The court noted its belief that the evidence was discovered after trial, could not have been obtained earlier, and was not cumulative nor impeaching of any of the trial witnesses. Thus, the first three parts of the *Foreman* test were met.]
>
> The burden being that the preponderance of the evidence, I find that burden had not been met given the nature and the quality of the testimony presented [as to the fourth part of the *Foreman* test], so the motion for a new trial is denied.

PCRA Court Opinion, 5/16/17, at 8.

Citing the above comments, Mendez argues that "each standard of review cited above ignores the impact of the after discovered evidence on raising a reasonable doubt, and each focuses on whether the after discovered evidence outweighed the Commonwealth's evidence or whether its persuasiveness would have compelled a different verdict." Mendez's Brief at

8. According to Mendez, "[e]ach standard used by the PCRA court increases [his] burden of proof, from needing to show the evidence could have raised a reasonable doubt to requiring [him] to show his evidence came close to proving innocence." Mendez's Brief at 8. Finally, Mendez argues that the PCRA court "greatly overvalued the Commonwealth's evidence presented at trial to [his] prejudice." *Id.* We disagree.

In discussing the fourth part of the *Foreman* test necessary to support the award of a new trial, based on after-discovered evidence, this Court has summarized:

> [B]efore granting a new trial, a court must assess whether the alleged after-discovered evidence is of such nature and character that it would likely compel a different verdict if a new trial is granted. *See* [*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008)]. In making this determination, a court should consider the integrity of the alleged after discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction.

*Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010).

After careful review, we agree with the PCRA court that it "applied the proper standard, and its ruling had a sound factual foundation." PCRA Court Opinion, 5/16/17, at 8. The PCRA court explained:

> [Mendez] made no attempt to demonstrate, by references to the [in]culpatory evidence against him presented at trial, or any exculpatory evidence his trial counsel introduced or tried to elicit through cross-examination of the [Commonwealth's] witnesses, how this alleged new evidence would have swayed a jury from a belief in the credibility of the [Commonwealth's] witnesses, and this court was not required to make that effort for him,

particularly since that evidence was found sufficient to convict in the direct appeal.

\*\*\*

Our courts have become increasingly inclined to dismiss jailhouse revelations to fellow inmates such as this one out of hand. "Furthermore, it must be remembered that in such cases we are often dealing with witnesses who themselves are actively engaged in a criminal lifestyle. Telling a story to help a friend or relative to beat the rap, [cannot] be viewed as an extraordinary occurrence." *Commonwealth v. Bracero*, 515 Pa. 355, 528 A.2d 936, 941 (1987)[.]

\*\*\*

Our courts have consistently and emphatically ruled that the PCRA court's first and primary function is to do precisely what this court did: examine the purported exculpatory evidence and balance it against that used to convict and determine whether it has any scintilla of credibility and could have possibly outweighed the [Commonwealth's] evidence, and if the answers are no, to summarily dismiss it. Wherefore, the denial of [Mendez's] second PCRA petition should be affirmed.

PCRA Court Opinion, 5/16/17, at 12-15 (emphasis and internal quotation marks omitted).

Our review of the record supports the PCRA court's conclusions. As the PCRA court noted, when considering the alleged after-discovered evidence such credibility considerations are properly part of the determination of the integrity of the proffered evidence. Therefore, the PCRA court must consider whether the proposed evidence would "likely compel a different verdict if a new trial is granted." *Padillas*, *supra*. Mendez's disagreement with the PCRA court's credibility assessment of the evidence presented at his trial—opining that it was "worst form of evidence," is not a basis for post-conviction relief.

- 14 -

In sum, the PCRA court correctly concluded that Mendez's after-discovered evidence claim did not entitle him to post-conviction relief in the form of a new trial. We therefore affirm the PCRA court's order denying his PCRA second petition.

Order affirmed.

President Judge Gantman concurs in the result.

Judge Dubow concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/25/18</u>